## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/31/2017, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ricky W. Outlaw,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 31, 2017

Court of Appeals Case No.
02A05-1703-CR-545

Appeal from the Allen Superior
Court

The Honorable Wendy W. Davis,
Judge

Trial Court Cause No.
02D04-1609-F6-1029

**Pyle, Judge.**

# Statement of the Case

Ricky Outlaw appeals his conviction by jury of Class A misdemeanor battery.[1] His sole argument is that there is insufficient evidence to support his conviction. Concluding that the evidence is sufficient, we affirm Outlaw's battery conviction.

We affirm.

# Issue

The sole issue for our review is whether there is sufficient evidence to support Outlaw's battery conviction.

# Facts

On September 9, 2016, Cameron Caplinger ("Caplinger") and Chad Buzzard ("Buzzard") were working as loss prevention officers at a Sears store located in a Fort Wayne shopping mall. As they monitored the surveillance cameras, Caplinger observed Outlaw pick up a shoe box from a shoe display, place the box under his arm, and walk out of the store without paying for the merchandise.

Caplinger and Buzzard caught up with Outlaw as he left the store and asked him to return. Outlaw began to comply and then suddenly turned to run.

---

[1] IND. CODE § 35-42-2-1. Outlaw was also convicted of Level 6 felony theft; however, he does not appeal that conviction.

When Buzzard grabbed Outlaw, Outlaw punched Buzzard in the back of the head with his fist, stating "you can't touch me, get your hands off me." (Tr. Vol. 2 at 177). Caplinger saw Outlaw "turn around and strike [Buzzard] in the head." (Tr. Vol. 2 at 123).

[5] The State charged Outlaw with theft and battery. At trial, Outlaw testified that when Buzzard grabbed him, he stumbled backwards and unintentionally made contact with Buzzard. The jury convicted Outlaw as charged, and Outlaw appeals the battery conviction.

## Decision

[6] Outlaw argues that there is insufficient evidence to support his battery conviction. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

[7] In order to convict Outlaw of battery as a Class A misdemeanor, the State had to prove beyond a reasonable doubt that he knowingly or intentionally touched Buzzard in a rude, insolent or angry manner resulting in bodily injury. *See* I.C. § 35-42-2-1. Outlaw acknowledges that he touched Buzzard but disputes that he knowingly or intentionally did so. He specifically contends that he "lost his

balance and accidentally made contact with the loss prevention officer as he stumbled backwards." (Outlaw's Br. 10). According to Outlaw, an "accidental hitting is consistent with what would be expected. . . . When someone loses their balance, they generally use their arms to counter balance their momentum and weight and their arms will flail about." (Outlaw's Br. 10-11).

[8] However, our review of the evidence reveals that Buzzard testified that Outlaw used his fist to punch Buzzard in the back of the head, stating "you can't touch me, get your hands off me." (Tr. Vol. 2 at 177). Caplinger also testified that he saw Outlaw turn around and strike Buzzard in the head. This evidence is sufficient to support Outlaw's battery conviction. Outlaw's argument that he accidentally hit Buzzard in the head is an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot and will not do. *See Drane*, 867 N.E.2d at 146.

[9] Affirmed.

Riley, J., and Robb, J., concur.